[No. F004359. Fifth Dist. Aug. 27, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
TERRY J. PRICE, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

1406

COUNSEL

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Eddie T. Keller and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

HANSON (P. D.), Acting P. J.—Appellant was convicted of forcible rape (Pen. Code, § 261, subd. (2));[1] forcible sodomy (§ 286, subd. (c)); two counts of forcible oral copulation (§ 288a, subd. (c)); and two counts of robbery (§ 211). Personal use of a weapon for enhancement was found true as to all counts, section 12022.3, subdivision (a), as to the first four counts, and section 12022, subdivision (b), as to the robbery counts.

Appellant originally was sentenced to state prison for 35 years. On appeal, in *People* v. *Price* (1984) 151 Cal.App.3d 803 [199 Cal.Rptr. 99] (*Price* I), we affirmed the conviction but remanded the matter for resentencing. After preparation of a new probation officer's report and a hearing, the court sentenced appellant to serve 50 years in state prison.[2] We now affirm the trial court on this second appeal, except for three years of the sentence—two years in count V and one year in count VI. The total sentence remaining is 47 years.

I

FACTS[3]

On October 6, 1981, while in a liquor store in Fresno, appellant seized a customer, held a knife at her throat, and ordered the counter clerk to hand over money from the cash register. He also took about $14 from the customer's hand. The clerk pressed a silent alarm and shouted a warning to another employee who ran out the back door of the store to summon police.

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]Judge Martin was the original sentencing judge. On remand, Judge Gomes sentenced appellant. A chart showing the two sentences is attached as appendix A.

[3]We present a slightly edited version of the facts as they appeared in *Price* I at pages 809-810.

Appellant pulled the customer a few feet along the counter, removed her shirt, used his knife to cut off her bra, and forced her to commit an act of oral copulation, all in view of the counter clerk. Another customer walked into the store, and was ordered out by appellant.

Appellant pulled the customer's pants to her knees and dragged her toward the back of the store. The counter clerk ran out the front of the store to the parking lot, where he had seen a police car. Appellant took the customer to a storage room and moved some cases in front of the door. Appellant forced the customer to remove her pants and underwear and to commit another act of oral copulation. He took a bottle of liquor from one of the cases, forced the customer to drink it by pouring it into her mouth, and then poured the remainder all over her, meanwhile spitting in her face and calling her a "bitch." Appellant cut off portions of the customer's pubic hair with his knife, inserted his fingers into her vagina, and forced her to suck those fingers. Appellant then turned the customer so that she was bent over, facing away from him, and had vaginal and anal intercourse with her.

Appellant forced the customer to the cold storage area of the store, from which he could see into the store itself. After shouting into the store and receiving no response, appellant forced the customer back into the storage area, broke a bottle against the wall, and waved it in the customer's face, asking her questions about what was in the pockets of her pants, which were lying on the ground.

Appellant again forced the customer toward the cold storage area. Police officers entered the rear of the store, saw appellant with his knife at the throat of the customer, and ordered him to put his hands up. Appellant complied; the customer broke away and ran into the front area of the store, where other officers assisted her.

II

DISCUSSION

■ Appellant first claims the resentencing court was barred from imposing a greater term than originally received. ■ In California, the prohibition on double jeopardy, California Constitution, article I, section 15, generally prevents imposition of a greater sentence on remand following an appeal. (*People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1047-1048 [216 Cal.Rptr. 865].) "California's double jeopardy rule is designed 'to preclude vindictiveness and more generally avoid penalizing a defendant for pursuing

a successful appeal.' (*People* v. *Collins* [1978] 21 Cal.3d [208], 216.)" (*Id.*, at p. 1048, fn. 6.)[4]

However, in *People* v. *Serrato* (1973) 9 Cal.3d 753, 764 [109 Cal.Rptr. 65, 512 P.2d 289] (overruled on another point in *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144]), the California Supreme Court set out an exception to this general rule. "The rule is otherwise when a trial court pronounces an unauthorized sentence. Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (See also *In re Ricky H.* (1981) 30 Cal.3d 176, 191 [178 Cal.Rptr. 324, 636 P.2d 13].) The opinion in *Serrato* discussed three cases in support of the People's right to imposition of a proper sentence. (See *In re Sandel* (1966) 64 Cal.2d 412 [50 Cal.Rptr. 462, 412 P.2d 806] [statute required escape term to be served consecutively]; *People* v. *Orrante* (1962) 201 Cal.App.2d 553 [20 Cal.Rptr. 480] [statute barred probation in murder case]; *People* v. *Massengale* (1970) 10 Cal.App.3d 689 [89 Cal.Rptr. 237] [statute required a prison sentence, not jail].) The holding in *Serrato* vindicates the People's right to imposition of a proper sentence. (See *People* v. *Serrato, supra,* 9 Cal.3d at p. 765.)

In order to determine if the sentencing court on remand properly could impose a harsher sentence, we must characterize the sentencing errors occurring at the first sentencing. Some sentencing errors, dual use of facts (*Price* I, 151 Cal.App.3d at pp. 815-816) and failure to state reasons separately for imposing consecutive terms and choosing the sentencing scheme of section 667.6, subdivision (c), for the sex offenses (see unpublished section VII, *Price* I at p. 822), could not result in a greater overall term on the sentencing. These errors did not produce unauthorized sentences.

However, some of the other errors were "unauthorized" under the *Serrato* holding. The failure to impose a consecutive sentence on one robbery count violated sections 667.6, subdivision (c)/1170.1 and was unauthorized. (*Price* I, *supra,* at pp. 816-817.) We also find the failure of the trial court to impose weapon enhancements (§ 12022.3) on counts II through IV was unauthorized.

In *Price* I, we discussed the stay of the enhancements under section 1385; we concluded the court could impose the enhancements and not strike them under subdivision (h) of section 1170.1 (former (g)), section 12022.3 not being one of the enumerated enhancements. In *Price* I, the court reasoned

---

[4]See *North Carolina* v. *Pearce* (1968) 395 U.S. 711 [23 L.Ed.2d 656, 89 S.Ct. 2072], for the federal rule.

that the trial court could have stayed the enhancements under section 1385, but failed to state reasons.

Section 1385 states that if the court dismisses in furtherance of justice, its reasons *"must* be set forth in an order entered upon the minutes." (Italics added.)

"Requirement of a statement of reasons for dismissal pursuant to section 1385 is mandatory, not directory *(People* v. *Orin* (1975) 13 Cal.3d 937, 944 . . . .), and *in the absence of such statement 'the order may not be considered a dismissal under section 1385.'* [Italics added.] *(People* v. *Superior Court (Howard)* [1968] 69 Cal.2d 491, 503, fn. 7 [72 Cal.Rptr. 330, 446 P.2d 138].)

"It is manifest that because even an *express* [italics in original] order of dismissal pursuant to section 1385 is ineffective in the absence of a statement of reasons, a use finding cannot be dismissed or struck sub silentio, as defendant claims in this case. There was not, of course, a statement of reasons in support of defendant's claimed striking." *(People* v. *Hunt* (1977) 19 Cal.3d 888, 897, fn. omitted [140 Cal.Rptr. 651, 568 P.2d 376].)

We read the emphasized language in *Hunt* as limiting *our* power to assume from an otherwise silent record that the trial court attempted to exercise its power under section 1385 where there is no statement of reasons, or any other indication that the court intended to use the power afforded by section 1385. This reading is supported by the cases cited by the *Howard* court, *People* v. *Superior Court* (1966) 240 Cal.App.2d 90, 92 [49 Cal.Rptr. 365] (disapproved on another point in *People* v. *Superior Court* (1968) 69 Cal.2d 491, 501 [72 Cal.Rptr. 330, 446 P.2d 138]), and *People* v. *Shaffer* (1960) 182 Cal.App.2d 39, 45 [5 Cal.Rptr. 844], where the defendants attempted to "save" a favorable dismissal by having the reviewing court construe it as an exercise of section 1385 power. The court in *Price* I was incorrect in concluding the first sentencing court acted defectively under section 1385.

The record of the first sentencing hearing indicates that the trial court misunderstood that the express language of section 12022.3 relieved it of the duty to stay weapons enhancements under section 654.[5] (See *In re Cul-*

---

[5]As a member of the appellate panel in *Price* I, I am convinced the issue of the staying of the weapons enhancement was decided upon incorrect grounds. While we resolved appropriately the legal issues as identified, we should have addressed the propriety of staying the weapons enhancements under section 654. We take judicial notice of the file in *Price* I which includes the original probation report.

Section 654 requires: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

*breth* (1976) 17 Cal.3d 330, 334 [130 Cal.Rptr. 719, 551 P.2d 23]; *People* v. *Rodriquez* (1984) 160 Cal.App.3d 207, 218, fn. 13 [206 Cal.Rptr. 563]; *People* v. *Blevins* (1984) 158 Cal.App.3d 64, 69-71 [204 Cal.Rptr. 124].)

The probation officer's report states: "[B]ecause the defendant's personal use of a knife was a continuous act through the sexual attacks, your officer believes that only one of the enhancements may be imposed, while the remaining three enhancements must be stayed pursuant to Penal Code Section 654. Thus, the punishment for the defendant's personal use of a knife during the sexual assaults upon victim . . . is an enhancement of his term for a period of three years." When the court pronounced sentence, it imposed the section 12022.3 enhancement on the first sex crime; as to counts II and III, the court stayed imposition of the enhancement. The court did not mention an enhancement in count IV, the last sex crime.[6] While the court in *Price* I noted the power to strike under section 1385 "a fortiori" would include the power to stay (*Price* I, 151 Cal.App.3d at p. 819), the use of the word "stay" by the trial court indicates it really was operating under section 654, not section 1385.

The original sentencing court's stay of the enhancements on counts II and III was the product of its misunderstanding of the requirements of section 654. We find an incorrect application of section 654 produces an unauthorized sentence which may be rectified on remand.

The erroneous *failure* to stay punishment under section 654 may be raised on the reviewing court's own motion and corrected by the appellate court. (See *People* v. *Isenor* (1971) 17 Cal.App.3d 324, 335-336 [94 Cal.Rptr. 746].) The People may appeal from an order staying execution of the sentence under section 654, even though they acquiesced at the time sentence was pronounced. (*People* v. *Perez* (1979) 23 Cal.3d 545, 549 [153 Cal.Rptr. 40, 591 P.2d 63], see especially fns. 2 and 3.)[7]

---

[6]The failure to pronounce sentence on a count is an unauthorized sentence and subject to correction on remand. (See *People* v. *Benton* (1979) 100 Cal.App.3d 92, 102 [161 Cal.Rptr. 12], and cases cited therein.) Thus, as to the count IV section 12022.3 enhancement, there is no question that a harsher term (viz., imposition of the enhancement) could result on remand.

[7]The ability to impose a harsher sentence on remand after a defendant's appeal and of the People or reviewing court to raise a question of sentencing error on defendant's appeal are linked under the characterization that the sentence was "unauthorized." (*People* v. *Serrato, supra,* 9 Cal.3d at p. 764; *People* v. *Benton, supra,* 100 Cal.App.3d at pp. 102-103.) The two problems are intertwined. The whole question of vindictiveness and need to determine whether the original sentence was unauthorized only arises where the *defendant's successful appeal* may result in harsher treatment on remand. If the People are foreclosed from raising an issue absent appeal (see e.g., *People* v. *Burke* (1956) 47 Cal.2d 45 [301 P.2d 241] [challenge to trial court's invocation of section 1385 may not be raised by the People on defendant's appeal as they had a separate right of appeal]) but we, the reviewing court, can on our own find error on defendant's appeal for which he can receive harsher treatment on resentencing, then the bar on the People's ability to raise the issue, for practical purposes, is meaningless.

The requirements of section 654 are mandatory. Incorrect application flows from the trial court's erroneous belief the court was legally mandated to act in a certain way, not from the trial court's defective attempt to mitigate punishment within its discretion. (See, e.g., § 1170.1, subd. (h), or even § 1385.)[8] Where a court mistakenly stays punishment under section 654, the stay operates to defeat the otherwise mandated sentence which the court must impose. The court in *Isenor* speaking of section 654, stated: "Multiple sentences *forbidden* by the code, whether consecutive or concurrent, impose excessive punishment beyond the power of the sentencing court." (*People v. Isenor, supra,* 17 Cal.App.3d at p. 336, italics added.) Just as sentences *forbidden* by section 654 are "beyond the power of the sentencing court" (i.e., "in excess of the court's jurisdiction" (*People v. Serrato, supra,* 9 Cal.3d at p. 765)), the erroneous stay of sentence under section 654 is "beyond the power of the sentencing court" and subject to remedy on remand.

Here, the first sentencing court misapprehended a legal question (see *People v. Perez, supra,* 23 Cal.3d at p. 552, fn. 5) and thought it was mandated to strike the enhancements under section 654. Under section 1385, the court could have properly struck the enhancements, but nothing in the record suggests that it desired to do so. While, as an abstract matter, section 1385 provided an authorized avenue to arrive at the result reached below, this does not nullify the fact that the court acted "beyond" its power, that is, in an unauthorized manner, under section 654.

The trial court stayed the enhancements under an erroneous understanding of section 654; this error produced an unauthorized sentence. Consequently, the sentencing court on remand had the power to impose a harsher term and was correct in doing so.

At the second sentencing, the court properly imposed the weapons use enhancement on the sex counts and ordered the nonsex sentence (§ 1170.1) to be served consecutively to the sex sentence (§ 667.6, subd. (c)). These increases in punishment are condoned under the *Serrato* rule. Sentencing choices which were defectively supported in the first appeal, on remand are found to be no harsher than before.

---

[8]In *People v. Burke, supra,* 47 Cal.2d 45, the People failed to object below and failed to appeal the sentence; the trial court struck a prior conviction under section 1385 at the time of sentencing, circumventing an otherwise required imposition of a state prison term. The court noted: "The failure of the People to appeal, like their silence when the dismissal order was made, indicates acquiescence in the order and the sentence which followed." (*Id.* at p. 54.) However, it was clear the court desired to exercise its discretion to strike the prior under section 1385 (*id.* at p. 50, fn. 1) and the People wished to attack the legality of the exercise of that discretion. (*Id.* at pp. 51, 53.)

■ However, we do find error in the trial court's treatment of the robbery convictions. The *Serrato* rule protects the People's right to mandated, lawful sentences. The limitations of the rule "rebut" any appearance of vindictiveness. If an increase in penalty has no nexus to the original illegality in the sentence, the protection against vindictiveness is not applicable. The general rule applies that in California a harsher penalty may not be imposed after a successful appeal.

Originally, appellant was sentenced to the *middle term* on each robbery conviction, counts five and six. The sentence was neither attacked on appeal, nor criticized in *Price* I.

On remand, the trial court imposed the *upper term* in the count VI robbery conviction involving the victim of the sexual assault. The midterm sentence in the count V robbery count, was imposed consecutively on remand. These three additional years (the difference between the three-year midterm to a five-year upper term (two years) and the addition of one-third of the midterm (one year)) were not corrections of "illegalities" in the original sentence. "Illegalities" requiring sentencing permit the imposition of a harsher punishment. Those portions of the sentence were unaffected by "illegality" and cannot be increased in punishment.

We need not remand the case for these errors, however. Insofar as the court was required to impose the second robbery sentence concurrently, no discretion remained. While theoretically the court retained discretion to sentence appellant either to the middle term or the lower term on the principal robbery conviction, there is no reasonable likelihood that on remand the court would impose the lower term. (*People* v. *Avalos* (1984) 37 Cal.3d 216, 233 [207 Cal.Rptr. 549, 689 P.2d 121]; see *People* v. *St. Germain* (1982) 138 Cal.App.3d 507, 525 [187 Cal.Rptr. 915].)

The abstract of judgment is amended; the principal robbery term is reduced to three years; the second robbery sentence is ordered to run concurrently. Appellant's total term is reduced from 50 to 47 years. (See appendix A.)

III*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante*, page 1405.

The abstract of judgment is modified to show a total term of 47 years; as modified, the judgment is affirmed.

Hamlin, J., and Papadakis (V. N.), J.,* concurred.

Appellant's petition for review by the Supreme Court was denied December 18, 1986. Bird, C. J., and Mosk, J., were of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.