Filed 1/5/16  P. v. Huerta CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHNNY MARTINEZ HUERTA,<br><br>    Defendant and Appellant. | F068531<br><br>(Super. Ct. No. VCF274843A)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Joseph A. Kalashian, Judge.  (Retired judge of the Tulare County Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Hayes H. Gable III, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Peter H. Smith and Daniel B. Bernstein, Deputy Attorneys General, for  Plaintiff and Respondent.

-ooOoo-

---

\*       Before Kane, Acting P.J., Detjen, J. and Peña, J.

A jury convicted appellant Johnny Martinez Huerta of two counts of second degree robbery (count 1 & 2/Pen. Code, § 211)[1] and conspiracy to commit robbery (count 3/§§ 182, subd. (a)(1) & 211) and found true two firearm enhancements in count 1 (§§ 12022.53, subd. (b) & 12022, subd. (b)(1)) and a firearm enhancement in count 2.

On appeal, Huerta contends: (1) he is entitled to an additional day of presentence custody credit; and (2) his abstract of judgment contains several errors. Respondent contends the court erred by its failure to impose sentence on count 3. We will find merit in Huerta's second contention and in respondent's contention and remand to allow the trial court to impose sentence on count 3 and issue an amended abstract of judgment that accurately memorializes the judgment. In all other respects, we will affirm.

## FACTS[2]

On October 22, 2012, Huerta was armed with a gun when he and another man robbed a bank in Visalia, California.

The following day, at approximately 5:38 p.m., police officers located Huerta and questioned him. Although Huerta denied any involvement in the robbery, during a warrant search of Huerta's house, officers found evidence linking him to it. Huerta was arrested and transported to jail. However, the record does not disclose when he was actually booked into jail.

On February 5, 2013, the district attorney filed an information charging Huerta with the charges he was convicted of and the enhancements that were found true. The information also charged Huerta with a serious felony enhancement (§ 667, subd. (a)(1)) and with having a prior conviction within the meaning of the three strikes law (§ 667, subd. (b)-(i)).

---

[1]     All further statutory references are to the Penal Code.

[2]     Only a brief recitation of the facts is provided because they are not relevant to the issues raised on appeal.

On September 27, 2013, the jury found Huerta guilty on the three substantive offenses and found the arming enhancements true.

On September 30, 2013, the jury found an allegation that Huerta had a prior assault conviction and the court found the serious felony enhancement and the three strikes allegation true.

On December 4, 2013, the court reversed itself and found the evidence insufficient to sustain the serious felony enhancement or a finding that Huerta's prior assault conviction was a conviction within the meaning of the three strikes law. The court then imposed an aggregate prison term of 16 years four months in the instant case: an aggravated five-year term on Huerta's robbery conviction in count 1, a 10-year term on the arming enhancement in that count, a consecutive one-year term on Huerta's robbery conviction in count 2 (one third the middle term of three years), and a consecutive four-month term on the arming enhancement in that count (one third the enhancement term of one year).[3] The court also imposed a consecutive eight-month term on Huerta's possession of a deadly weapon conviction (former § 12020, subd. (a)(1)) in an unrelated case, for a total aggregate term of 17 years. Although the court agreed with the parties that a stayed term should be imposed on Huerta's conspiracy in count 3, after pronouncing sentence on count 2, the court stated, "There is no count 3," and did not impose sentence on that count. The court also awarded Huerta a total of 468 days of presentence custody credit in the instant case consisting of 407 days of presentence actual custody credit and 61 days of presentence conduct credit.

---

[3] The trial court imposed a consecutive 16-month term on count 2 without specifying that it consisted of a one-year term on the substantive offense in that count and a four-month term on the enhancement in that count.

## DISCUSSION

### *Presentence Custody Credit*

The probation department calculated Huerta's presentence custody credit based on Huerta having been in custody from October 24, 2012, through the date of sentencing on December 4, 2013. Huerta contends that because he was in custody on October 23, 2012, the court should have awarded him an additional day of actual custody credit for that day. Huerta is wrong.

Presentence custody credits are calculated from the date the defendant is booked, not the date the defendant is arrested. (*People v. Macklem* (2007) 149 Cal.App.4th 674, 702; *People v. Ravaux* (2006) 142 Cal.App.4th 914, 919-921.) Although the probation report indicates he was arrested sometime after 5:38 p.m. on October 23, 2012, Huerta has not established that he was booked into jail on that date rather than October 24, 2012. "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.) Therefore, the mere fact that he was in custody as of his arrest on October 23, 2012, does not entitle him to presentence custody credit for that day.

### *The Abstract of Judgment and Failure to Pronounce Sentence on Count 3*

Huerta contends the abstract of judgment contains the following errors: (1) it erroneously indicates that a sentence of one year four months was imposed on count 2 rather than the one-year term actually imposed on that count; (2) it does not list the arming enhancement that was found true in count 2 or the four-month term imposed on that enhancement; (3) it does not memorialize the term imposed on his conspiracy conviction in count 3 or indicate that the term imposed on it was stayed; (4) it erroneously indicates that the court imposed a concurrent eight-month term on his conviction for possession of a deadly weapon conviction in an unrelated case; (5) and it erroneously indicates that the court imposed an aggregate term of 16 years four months in

the two cases rather than the aggregate 17-year term the court actually imposed. Respondent concedes that Huerta's abstract contains these errors and our review of the record confirms that the parties are correct.

Moreover, "[t]he failure to pronounce sentence on a count is an unauthorized sentence and subject to correction on remand." (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411, fn. 6.) Therefore, we will remand with directions to the trial to impose sentence on count 3 and to issue an amended abstract of judgment that corrects the errors noted above.

## DISPOSITION

The matter is remanded for the trial court to impose sentence on count 3. The trial court is also directed to issue an amended abstract of judgment that includes the sentence imposed on count 3 and corrects the errors noted above and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.