Filed 6/17/16  P. v. Barno CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RODNEY BERNARD BARNO,<br><br>        Defendant and Appellant. | D068807<br><br><br>(Super. Ct. No. SCD177819) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Nancy Olsen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Warren W. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal arises from a petition to recall a sentence under the Three Strikes Reform Act of 2012 (Proposition 36).  The appellant was originally convicted of a

number of offenses with true findings on three strike priors. The original sentence was 50 years to life, with a number of stayed and concurrent sentences. After filing a petition under Proposition 36 (Pen. Code,[1] § 1170.126), the court restructured the sentence since the original life terms were for nonserious felonies. The court granted the petition and again imposed a 50-year-to-life term based on two serious felony convictions. The appellant does not challenge the life sentences. Instead, he complains that one of the determinate terms (count 1) should have been stayed under section 654. We will reject that contention and affirm.

In 2004, Rodney Bernard Barno was convicted of two counts of stalking (§ 646.9, subd. (a); counts 1, 2); seven counts of making criminal threats (§ 422; counts 3-4, 6-10); one count of felony vandalism (§ 594, subd. (a)(b)(1); count 11); six misdemeanor counts of vandalism (§ 594, subd. (a)(b)(2)(A); counts 5, 12-16); and two misdemeanor counts of harassing by telephone (§ 653m, subd. (a); counts 17-18). The alleged strike priors were also found true (§ 667, subds. (b)-(i)).

The original sentence imposed was 25 years to life for counts 1 through 4 and 6. Count 1 was the principal term and the sentence on count 6 was ordered to be consecutive to count 1. The remaining life terms were concurrent except counts 3 and 4, which were stayed under section 654.

When Barno was resentenced under Proposition 36, the court imposed consecutive 25-year-to-life terms for counts 3 and 6. The court imposed determinate terms for counts

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

1 and 2, but stayed the sentence on count 2 under section 654. The sentence on count 1 was ordered to run concurrently with the other sentences.

As we have noted, Barno only challenges the sentence for count 1. He contends that sentence should have been stayed under section 654.

DISCUSSION

When Barno was originally sentenced the law permitted imposition of a life term for subsequent felonies where a person had two or more strike priors. After the reform act was passed, life terms could only be imposed where the "third strike" is a serious or violent felony. Thus, when the case was resentenced, count 1 could no longer support a life term. However, count 3 was a serious felony and the court properly selected that count as the principal term. (*People v. Price* (1986) 184 Cal.App.3d 1405, 1412; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1466.)

When the court imposed a determinate sentence on count 1, the court ordered it served concurrently with the other terms, but did not stay the sentence under section 654. The court did stay the sentence on count 2, finding it involved, at least in part, the same conduct as in counts 3 and 4.

The stalking in count 1 involved acts done between February 19, 2003 and April 25, 2003. Counts 3 and 4 involved acts committed between April 30, 2003 and May 8, 2003. Thus the court could reasonably conclude that the acts in count 1 were different and separate from the remaining counts. That they involved the same victim does not undermine the trial court's reasoning. The trial court properly imposed a concurrent sentence on count 1 and it was not necessary to stay it under section 654.

3

DISPOSITION

The judgment is affirmed.

|  |  |
|---|---|
|  | _____ |
|  | HUFFMAN, Acting P. J. |

WE CONCUR:

_____
AARON, J.

_____
PRAGER, J.*

_____

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.