Filed 6/9/22  P. v. Pink CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DVONTAE LAROME PINK,<br><br>Defendant and Appellant. | F082271<br><br>(Super. Ct. No. BF150965C)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John  R. Brownlee, Judge.

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kenneth N. Sokoler and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Poochigian, J. and Meehan, J.

## INTRODUCTION

In 2014, a jury convicted appellant Dvontae Larome Pink of numerous crimes following separate shootings in 2013. His convictions included first degree murder (Pen. Code, § 187, subd. (a);[1] count 8); attempted first degree murder (§§ 664/187, subd, (a); count 2); discharging a firearm from a vehicle at a person (§ 26100, subd. (c); count 1); shooting at various occupied vehicles (§ 246; counts 4, 5, 6 and 9); and conspiracy to commit murder (§ 182, subd. (a)(1); count 14). The jury found true that appellant committed these crimes to benefit a criminal street gang, and numerous firearm enhancements were also found true. As stated by the trial court, appellant received an aggregated sentence of "life without the possibility of parole [LWOP], plus 25 years to life, plus 15 years to life, plus 25 years to life, plus 32 years to life, plus 27 years to life, plus 27 years to life, plus 27 years to life, plus seven years."

In 2017, this court issued an opinion in which we affirmed much of appellant's judgment. (*People v. Pink* (May 19, 2017, F070488) [nonpub. opn.] [opn. mod. June 19, 2017].) However, based on insufficient evidence, we reversed a conviction for receiving a stolen vehicle (§ 496d, subd. (a); count 7). Based on instructional error, we also reversed a conviction for carrying a loaded firearm as an active street gang member (§ 25850, subd. (c)(3); count 12). Finally, we agreed with the parties that clerical errors appeared in the indeterminate abstract of judgment. We remanded this matter for resentencing, and we instructed the court to declare whether it intended to impose concurrent or consecutive sentences. (*People v. Pink*, *supra*, F070488.)

On March 16, 2018, appellant was resentenced. He again received LWOP for the murder, along with numerous consecutive indeterminate terms. Appellant filed a second appeal in this court.

---

[1]     All future statutory references are to the Penal Code unless otherwise noted.

In 2020, we issued an opinion in which we agreed with the parties that the trial court had imposed improper sentences in counts 1 and 2. In count 1 (discharging a firearm from a vehicle at a person), the court misspoke and imposed a life sentence when a determinate sentence was required. In count 2 (attempted first degree murder), the gang enhancement and the firearm enhancement were impermissibly added together, which resulted in an improper parole eligibility period in that count. We remanded for resentencing and directed the court to address another error appearing in the abstract of judgment. We also directed the trial court to declare whether or not it would strike or dismiss any of the firearm enhancements pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.). We otherwise affirmed appellant's judgment. (*People v. Pink* (Aug. 7, 2020, F077240) [nonpub. opn.].)

In January 2021, appellant was resentenced. In the present appeal, the parties agree that sentencing errors again occurred, and other errors appear in the indeterminate abstract of judgment. The parties assert that another remand is required for a third resentencing. We agree that errors occurred, but we decline to remand this matter. Instead, we will modify the judgment and direct the trial court to issue amended abstracts of judgment. (See § 1260 [appellate court may reverse, affirm, or modify a judgment, or may remand for further proceedings "as may be just under the circumstances"].) As modified, we will affirm.

## BACKGROUND

Because the issues raised on appeal deal with sentencing, we provide only a brief overview of the trial evidence. The prosecution established that, in 2013, three separate shootings occurred in Bakersfield, California: (1) a "drive-by" in the parking lot of Roy's Market on February 6; (2) the homicide of Floyd Beam, Jr. outside Roy's Market on February 10; and (3) a shooting at a family gathering on March 3 about a mile from Roy's Market at a particular residence. (*People v. Pink*, *supra*, F070488.)

3.

Appellant was charged with these crimes along with codefendants Wendall Keith Allen, Jimmy Lee Baker, and Trevonte Shevelle Williams. The prosecution established a conspiracy among the codefendants, who were all identified as Country Boy Crip (CBC) gang members. A fellow CBC member, Devontay Garrett, acting on behalf of law enforcement, had secretly recorded Baker and Williams speaking about these shootings, and portions of the recordings were introduced into evidence at trial. Based on Williams's statements, the evidence showed that appellant participated in the drive-by shooting. Based on Baker's statements about Beam's murder, along with circumstantial evidence linking appellant with Baker, the evidence established that appellant participated in Beam's murder. Evidence suggested these shootings were done as gang retaliation for the killing of another CBC member, Charles Bell. Appellant was tried alone, and he was convicted of crimes involving the drive-by shooting and Beam's murder, but acquitted of the charges regarding the shooting at the residence. (*People v. Pink*, *supra*, F070488.) Appellant's sentence is broken down as follows:

## I. Charges Associated with the February 6, 2013, Drive-By Shooting.

### A. *Count 1.*

For count 1, appellant was found guilty of discharging a firearm from a vehicle at a person in violation of section 26100, subdivision (c). The jury found true a gang enhancement (§ 186.22, subd. (b)(1)) and two firearm enhancements (§§ 12022.53, subds. (c) & (e)(1), 12022.53, subds. (d) & (e)(1)). (*People v. Pink*, *supra*, F070488.)

At the 2021 resentencing, the court imposed an upper term of seven years, which was enhanced by 20 years for one firearm enhancement (§ 12022.53, subds. (c) & (e)(1)) and further enhanced by 25 years to life for the other firearm enhancement (§ 12022.53, subd. (d) & (e)(1)). An additional five-year gang enhancement (§ 186.22, subd. (b)(1)) was imposed.[2] This sentence was stayed pursuant to section 654.

---

[2] At the original 2014 sentencing, the trial court did not impose sentences for the firearm enhancements which the jury found true in count 1. Instead, only a gang

4.

### B.  Count 2.

For count 2, appellant was found guilty of attempted first degree murder in violation of sections 664, 187, subdivision (a), and 189.  A gang enhancement (§ 186.22, subd. (b)(1)) and a firearm enhancement (§ 12022.53, subds. (d) & (e)(1)) were found true.  (*People v. Pink*, *supra*, F070488.)  At the 2021 resentencing, appellant was sentenced to prison for 15 years to life for this conviction, which was enhanced by 25 years to life for the firearm.

### C.  Counts 4, 5 and 6.

For counts 4, 5 and 6, appellant was found guilty of shooting at occupied vehicles in violation of section 246.  The jury found true gang enhancements (§ 186.22, subd. (b)(1)) in each count.  For count 4, a firearm enhancement was found true under section 12022.53, subdivisions (d) and (e)(1).  For counts 5 and 6, a firearm enhancement was found true under section 12022.53, subdivisions (c) and (e)(1).  (*People v. Pink*, *supra*, F070488.)  At the 2018 resentencing, appellant received 32 years to life in count 4.  He was sentenced to 27 years to life in count 5.  Finally, the court imposed a sentence of 27 years to life in count 6.  (*People v. Pink*, *supra*, F077240.)  At the 2021 resentencing, the court did not revisit these counts.

## II.  Charges Associated with Beam's Homicide on February 10, 2013.

### A.  Count 8.

For count 8, appellant was found guilty of first degree murder for Beam's homicide (§§ 187, subd. (a)/189).  The jury found true a gang enhancement (§ 186.22, subd. (b)(1)) and a firearm enhancement (§ 12022.53, subds. (d) & (e)(1)).  Finally, the jury found true that the murder was committed while appellant was an active participant

---

enhancement of five years was added to this sentence.  (*People v. Pink*, *supra*, F070488.) Likewise, at the 2018 resentencing, the trial court did not impose sentences for these firearm enhancements in count 1, and only a gang enhancement was imposed.  (*People v. Pink*, *supra*, F077240.)

in a criminal street gang and done to further the gang's activities (§ 190.2, subd. (a)(22)). (*People v. Pink*, *supra*, F070488.) At the 2018 resentencing, appellant received LWOP for this murder, plus 25 years to life for the firearm enhancement. (*People v. Pink*, *supra*, F077240.) At the 2021 resentencing, the court did not revisit this count.

### B. Count 9.

For count 9, appellant was found guilty of shooting at an occupied vehicle during Beam's homicide (§ 246). The jury found true a gang enhancement (§ 186.22, subd. (b)(1)) and a firearm enhancement (§ 12022.53, subds. (c) & (e)(1)). (*People v. Pink*, *supra*, F070488.) At the 2018 resentencing, appellant received a sentence of 27 years to life. (*People v. Pink*, *supra*, F077240.) At the 2021 resentencing, the court did not revisit this count.

### C. Count 14.

For count 14, appellant was found guilty of conspiracy to commit murder in violation of section 182, subdivision (a)(1). The jury found true a gang enhancement (§ 186.22, subd. (b)(1)) and two firearm enhancements (§§ 12022.53, subds. (c) & (e)(1), 12022.53, subds. (d) & (e)(1)). (*People v. Pink*, *supra*, F070488.) At the 2018 resentencing, appellant received a term of 25 years to life, which was increased by 20 years and 25 years to life, respectively, for the firearm enhancements. This sentence was stayed. (*People v. Pink*, *supra*, F077240.) At the 2021 resentencing, the court did not revisit this count.

## III. A Miscellaneous Charge, Count 13.

For count 13, appellant was found guilty of participating in a criminal street gang in violation of section 186.22, subdivision (a). The jury found true that he used a firearm during this offense (§ 12022.5, subd. (a)). (*People v. Pink*, *supra*, F070488.) At the 2018 resentencing, appellant received an upper prison term of three years, which was increased

by 10 years for the firearm enhancement.  This sentence was stayed.  (*People v. Pink*, *supra*, F077240.)  At the 2021 resentencing, the court did not revisit this count.

**DISCUSSION**

**I.     The Judgment is Modified to Reflect a Life Sentence in Count 2, with a Sentencing Enhancement of 25 Years to Life.**

The parties agree that the trial court again imposed an unauthorized sentence in count 2 (attempted first degree murder).  At the 2021 resentencing, appellant was sentenced in count 2 to prison for 15 years to life, which was enhanced by 25 years to life for the firearm.  The court clarified that appellant was eligible for parole in count 2 after serving a minimum term of 25 years in state prison.

The indeterminate abstract of judgment erroneously reflects that appellant was sentenced to 40 years to life in count 2 with the possibility of parole.  In addition, this abstract imposes an additional 25 years to life for the firearm enhancement.  Thus, the abstract erroneously states that appellant is not eligible for parole in count 2 until he has served a minimum of 65 years.  Appellant's sentence in count 2 must be modified.

Attempted murder is punishable by a determinate term of five, seven or nine years.  (§ 664, subd. (a).)  When, as here, a defendant is guilty of attempted first degree murder, the sentence is imprisonment for life with the possibility of parole.  (*Ibid.*)

Seven years is the minimum parole eligibility period for any undesignated life term.  (§ 3046, subd. (a)(1).)  However, the gang enhancement (§ 186.22, subd. (b)(1)) which the jury found true in count 2 extends appellant's minimum parole eligibility to 15 years.  (§ 186.22, subd. (b)(5).)  Section 186.22, subdivision (b)(5), is an alternate penalty provision that applies to any gang-related felony that is punishable by life imprisonment.  (*People v. Briceno* (2004) 34 Cal.4th 451, 460, fn. 7.)  This provision is not a sentence enhancement for a particular term of years.[3]  (*People v. Jefferson*, *supra*, 21 Cal.4th 86,

---

[3]     "A sentence enhancement is 'an *additional term* of imprisonment added to the base term.' "  (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.)  In contrast, a 15-year

7.

101 [the 15-year minimum term prescribed by former § 186.22, subd. (b)(4) is not a sentence enhancement]; see also *People v. Johnson* (2003) 109 Cal.App.4th 1230, 1237; *People v. Montes* (2003) 31 Cal.4th 350, 353, fn. 3 ["(§ 186.22, subd. (b)(5)) is properly characterized as an alternate penalty provision"].) As such, because appellant committed attempted first degree murder, the correct sentence in count 2 is life with the possibility of parole. (§ 664, subd. (a).) Due to the jury's true finding regarding the gang enhancement, appellant has a minimum parole eligibility of 15 years. (§ 186.22, subd. (b)(5).)

The jury also found true that appellant was a principal in the premeditated attempted murder, and he intentionally and personally discharged, and personally used a firearm, that proximately caused great bodily injury to a person other than an accomplice (§ 12022.53, subds. (d) & (e)(1)). Under this firearm enhancement, appellant shall be punished "by an additional and consecutive term of imprisonment in the state prison for 25 years to life." (§ 12022.53, subd. (d).) Because the jury found that appellant personally used and discharged a firearm in the commission of the attempted murder, both the enhancement under section 12022.53 subdivision (d), and the penalty provision under section 186.22, subdivision (b)(5), could be imposed in count 2. (§ 12022.53, subd. (e)(2).) However, section 186.22, subdivision (b)(5), will have no practical effect on appellant's sentence because it is subsumed by the greater term.[4] (*People v. Lopez* (2005) 34 Cal.4th 1002, 1009 [the parole eligibility date under § 186.22, subd. (b)(5) is trumped by any greater penalty or longer period of imprisonment under another section of law].) The Board of Prison Terms, however, may consider the jury's true finding for the gang enhancement as a factor when determining appellant's release date,

minimum parole eligibility period for a gang enhancement "is not an 'additional term of imprisonment' and it is not added to a 'base term.' " (*Ibid.*)

[4] Respondent concedes that the 15-year minimum eligible parole date from the gang enhancement is subsumed by the 25-year firearm enhancement.

8.

even if it does not actually extend his minimum parole date. (*People v. Lopez*, *supra*, 34 Cal.4th at p. 1009.)

We decline to remand this matter for resentencing. Instead, we have discretion to modify the judgment. (See § 1260 [appellate court may reverse, affirm, or modify a judgment, or may remand for further proceedings "as may be just under the circumstances"].) In *People v. Alford* (2010) 180 Cal.App.4th 1463, 1473, the appellate court exercised its discretion to modify a judgment where a new sentencing hearing would not have changed the defendant's actual prison time, and thus the "futility and expense" of remand "militate[d] against it." The same reasoning applies here. In addition, we may correct clerical errors appearing in an abstract of judgment. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

We modify appellant's sentence in count 2 to that of life with the possibility of parole, with an additional and consecutive term of imprisonment in the state prison for 25 years to life. We strike that portion of the indeterminate abstract of judgment at paragraph 6.c. that indicates appellant was sentenced to 40 years to life in count 2. As modified, appellant will be eligible for parole in count 2 after serving a minimum of 25 years in state prison, which complies with the trial court's oral pronouncement of judgment. We will direct the trial court to prepare an amended abstract that reflects these modifications. The court shall note at paragraph 12 of the amended indeterminate abstract that the parole ineligibility period in count 2 is extended by 15 years pursuant to section 186.22, subdivision (b)(5). This will alert prison officials to consider the jury's true finding for the gang enhancement as a factor when determining appellant's release date, even if it does not actually extend his minimum parole date. (See *People v. Lopez*, *supra*, 34 Cal.4th at p. 1009.)

9.

**II.   The Indeterminate Abstract of Judgment must be Amended for Count 8.**

The parties agree, as do we, that the indeterminate abstract of judgment erroneously lists an extra sentence for the conviction in count 8.

At the 2018 resentencing, appellant received LWOP for the murder in count 8, plus 25 years to life for the firearm enhancement.  (*People v. Pink*, *supra*, F077240.)  At the 2021 resentencing, the court did not revisit this sentence.

The indeterminate abstract correctly states that the sentence for count 8 is LWOP (marked at paragraph 4 on the abstract).  The abstract also properly lists the firearm enhancement for this count.  However, the abstract also improperly states that appellant is to serve 25 years to life in count 8 (marked at paragraph 6.b. on the abstract).

We strike that portion of the indeterminate abstract of judgment which states that appellant was sentenced to "25 years to Life" on count 8.  We will direct the trial court to prepare an amended abstract that reflects this modification.

**III.   The Firearm Enhancements in Count 1 must be Stricken.**

For count 1, appellant was found guilty of discharging a firearm from a vehicle at a person in violation of section 26100, subdivision (c).  The jury found true a gang enhancement (§ 186.22, subd. (b)(1)) and two firearm enhancements (§§ 12022.53, subds. (c) & (e)(1), 12022.53, subds. (d) & (e)(1)).  (*People v. Pink*, *supra*, F070488.)

At both the original sentencing in 2014 and the resentencing in 2018, the trial court misspoke and erroneously imposed a term of seven years *to life* in count 1 when a violation of section 26100, subdivision (c), results in a determinate prison sentence of three, five, or seven years.  (§ 26100, subd. (c).)  At both of the prior sentencings, the court imposed an additional consecutive sentence of five years for the gang enhancement.  In both instances, the sentence in count 1 was stayed.  At no time during the prior two sentencings did the court impose any additional prison time in count 1 based on the firearm enhancements.  (*People v. Pink*, *supra*, F070488; *People v. Pink*, *supra*, F077240.)  In our 2020 opinion, the court's sentencing error in count 1 came to our

10.

attention, and we remanded the matter for the court to impose a proper determinate sentence. (*People v. Pink*, *supra*, F077240.)

At the 2021 resentencing, the court imposed an upper determinate term of seven years in count 1. The court again imposed an additional five years for the gang enhancement (§ 186.22, subd. (b)(1)). For the first time, however, the court also imposed prison time for the firearm enhancements. Appellant's sentence was enhanced by 20 years for one firearm enhancement (§ 12022.53, subds. (c) & (e)(1)) and further enhanced by 25 years to life for the other firearm enhancement (§ 12022.53, subds. (d) & (e)(1)). The sentence in count 1 was stayed pursuant to section 654. The court gave no reason for imposing time on these firearm enhancements.

The parties agree, as do we, that the first firearm enhancement imposed in count 1 is unauthorized. The plain language of section 12022.53 authorizes enhancements under subdivision (c) only for those felonies enumerated in subdivision (a). Appellant's sentence in count 1 for violating section 26100, subdivision (c), does not qualify for enhancement. (§ 12022.53, subds. (a) & (c).) As such, the first firearm enhancement that increased appellant's sentence by 20 years (§ 12022.53, subds. (c) & (e)(1)) must be struck.

Appellant argues that the second firearm enhancement in count 1 must also be stricken, in part, because the trial court increased his sentence following a successful appeal. Respondent does not comment on this aspect of appellant's claim. We agree with appellant that the second firearm enhancement must also be stricken.

"When a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing." (*People v. Hanson* (2000) 23 Cal.4th 355, 357; *People v. Price* (1986) 184 Cal.App.3d 1405, 1413 (*Price*).) However, in *People v. Serrato* (1973) 9 Cal.3d 753 (overruled on another point in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn.1), the California Supreme Court set out an exception to this

11.

general rule. "The rule is otherwise when a trial court pronounces an unauthorized sentence. Such a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People v. Serrato*, *supra*, 9 Cal.3d at p. 764.)

*Price* is instructive. There, the trial court initially sentenced the defendant to a prison term of 35 years for convictions of sex offenses and robbery. (*Price*, *supra*, 184 Cal.App.3d at p. 1407.) After a successful appeal, the matter was remanded due to sentencing errors and the trial court imposed a term of 50 years. (*Ibid.*) The *Price* court held that some of the errors in the first sentencing resulted in an unauthorized sentence, which could be corrected on remand. (*Price*, *supra*, at pp. 1411–1412.) However, at resentencing the trial court also changed the sentence on one of the robbery counts from a middle term to an upper term, and ran the sentence on the other robbery count consecutively. (*Id.* at p. 1413.) *Price* held that these increases in the sentence were not permissible because the sentences on the robbery counts had not been challenged on appeal and the changes did not correct any illegality in the original sentence. (*Ibid.*) The appellate court noted that those portions of a sentence unaffected by any illegality cannot be used to increase a punishment at resentencing following a successful appeal. (*Ibid.*)

In this matter, adding the firearm enhancements in count 1 did not correct a previous illegality in the original sentence. Instead, at both the 2014 sentencing and the 2018 resentencing, the trial court misspoke and imposed an indeterminate term in count 1 when a determinate sentence was required. At both prior sentencings, the court imposed additional prison time because of the gang enhancement in this count, but it never imposed any additional time based on the firearm enhancements. (*People v. Pink*, *supra*, F070488; *People v. Pink*, *supra*, F077240.) Under these circumstances, these firearm enhancements cannot now increase appellant's sentence in count 1 following his successful appeal. Accordingly, it is proper to strike both firearm enhancements imposed in count 1. We need not, however, remand this matter for resentencing because the trial

12.

court otherwise imposed the maximum possible term in count 1. Consequently, we will order the abstract of judgment to be amended. (See *Price*, *supra*, 184 Cal.App.3d at p. 1413.)

**IV.     The Trial Court must Issue a Determinate Abstract of Judgment.**

Appellant notes that, after the 2021 resentencing, the trial court only issued an indeterminate abstract of judgment (on two forms) to list his convictions and sentences. Appellant requests that his determinate sentence in count 1 be reflected on a determinate abstract of judgment. Respondent does not comment on this request.

We agree with appellant that the trial court must issue a determinate abstract of judgment to reflect the determinate sentences which were imposed. Our review of the record has disclosed that, in addition to the determinate sentence imposed in count 1, appellant also received a determinate sentence in count 13. Both of these determinate sentences are erroneously listed on the indeterminate abstract of judgment. We will direct the trial court to remove these counts from the indeterminate abstract of judgment and record them on a determinate abstract of judgment (form CR-290). This will ensure that the abstracts of judgment accurately reflect the oral pronouncement of judgment. (*People v. Mitchell*, *supra*, 26 Cal.4th at p. 185.)

**DISPOSITION**

Appellant's judgment is modified as follows:

In count 1, the firearm enhancements imposed under section 12022.53 are stricken.

In count 2, appellant is sentenced to life with the possibility of parole. Appellant shall be punished by an additional and consecutive term of imprisonment in the state prison for 25 years to life (§ 12022.53, subd. (d)).[5]

---

[5]     To assist the court clerk below, we note that the life sentence in count 2 should be reflected in box 5 on the amended indeterminate abstract of judgment. The firearm enhancement in count 2 should be listed in box 2 (as it was before). The "40 years" that

13.

The term "25 years to Life" for count 8 appearing in the indeterminate abstract of judgment at box 6.b. is stricken.

The trial court shall remove any reference to counts 1 and 13 from the indeterminate abstract of judgment and record those convictions and sentences, including imposed enhancements, on a determinate abstract of judgment (form CR-290).

The trial court shall prepare abstracts of judgment that accurately reflect these modifications. The court shall forward the amended indeterminate abstract of judgment, along with the accompanying determinate abstract of judgment, to the appropriate authorities. In all other respects, the judgment as modified is affirmed.

---

is currently listed for count 2 in box 6.c. must be stricken. It should be noted at paragraph 12 of the amended indeterminate abstract that the parole ineligibility period in count 2 is extended by 15 years pursuant to section 186.22, subdivision (b)(5).

14.