Filed 2/24/26  P. v. Martinez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C102792 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 22F00534, 22F2353) |
| v. | |
| MICHELLE LYNN MARTINEZ, | |
| Defendant and Appellant. | |

Defendant Michelle Lynn Martinez appeals for a second time, following resentencing.  In this appeal, Martinez contends the trial court prejudicially erred in failing to conduct a full resentencing.  She also claims the court erred in its calculation of custody credits, both as to postsentence conduct credits and credits for days in actual custody.  Finally, she contends that the abstract of judgment should be corrected to reflect the oral pronouncement of judgment as to the restitution fines and the victim restitution order.  We will affirm the convictions but vacate the sentence and remand for a full resentencing.

1

BACKGROUND

The facts underlying Martinez's convictions are not necessary for our discussion of the issues. Suffice it to say that Martinez's appeal arises from two separate cases: case No. 22F00534 (case No. 534) and case No. 22F2353 (case No. 353). (*People v. Martinez* (July 9, 2024, C098137) [nonpub. opn.] (*Martinez*).) Case No. 534 alleged 18 counts for various drug-related offenses and jail misconduct. Following a court trial, Martinez was convicted on counts 1 through 9, and 11 through 18. The trial court convicted her of the lesser included offense on count 10. (*Ibid.*)

In case No. 353, Martinez pled no contest to driving or taking a vehicle without the owner's consent. (Veh. Code, § 10851.) She stipulated to a consecutive term not to exceed 16 months in prison.

*Original Sentencing*

At the original sentencing, based on a negotiated disposition, the trial court sentenced Martinez to 22 years in case No. 534, with sentences on nine counts stayed pursuant to Penal Code section 654.[1] In case No. 353, the trial court sentenced Martinez to a consecutive term of one year four months, resulting in an aggregate sentence of 23 years four months. The court imposed the minimum mandatory restitution fine of $300 in case No. 534, and imposed, but stayed a parole revocation fine in the same amount. The court awarded 189 days of actual credits and 188 conduct credits for a total of 377 custody credits. Both the minute order and the abstract of judgment state that restitution was ordered to "EAN Holdings, LLC" in the amount of $4,665.16, but this order was not orally pronounced on the record. Martinez filed a timely notice of appeal.

In her first appeal, Martinez correctly identified several discrepancies between the trial court's oral pronouncement of judgment and the minute order or the abstract of

---

[1] Undesignated statutory references are to the Penal Code.

2

judgment, including that the court did not orally pronounce an order for victim restitution and that the minute order and abstract of judgment did not reflect sentences imposed on two counts. (*Martinez*, *supra*, C098137.) A different panel of this court also found additional sentencing errors, including that the trial court improperly stayed the Health and Safety Code section 11370.4 enhancements as to counts 1 and 2, and did not orally pronounce a sentence on count 18. (*Martinez*, *supra*, C098137.) Because these errors resulted in an unauthorized sentence, we affirmed the convictions, vacated Martinez's sentence, and remanded for a full resentencing. (*Ibid.*)

*Resentencing*

At resentencing, the trial court prioritized the errors we identified in our first opinion. It struck the Health and Safety Code section 11370.4 enhancements on counts 1 and 2 instead of staying them. It also pronounced a six-month concurrent sentence on count 18. Although the clerk's minute order includes the concurrent sentence for count 18, the abstract of judgment does not.

Responding to our conclusion that it miscalculated Martinez's aggregate term at the original sentencing (*Martinez*, *supra*, C098137), the trial court stated, "[T]he District Court of Appeal did the sentencing math on the case 22F534 and are of the opinion that it equals 22 years and six months. We're not sure how they got that number. [¶] [W]e're just going to articulate for the record the sentence on those counts, which included time and consecutive time, I'm going to exclude counts that were declared to be 654 with concurrent time." The court excluded nine counts from its oral pronouncement.

The trial court also adopted "[a]ll other findings and orders that were made at the original sentencing hearing," stating, "there's no point in reiterating those."[2] Instead of

---

[2] The trial court's findings and orders included an award of 189 actual days in custody, plus 188 days of custody conduct credit, for a total of 377 days of credit. The findings and orders also included a single restitution fine of $300, a parole revocation fine of $300

including one mandatory minimum restitution fine of $300 in case No. 534, as the findings and orders from the original sentencing did, the abstract of judgment for the resentencing included two mandatory minimum restitution fines for $300, one for case No. 534 and one for case No. 353. Martinez timely appealed.

After Martinez filed her notice of appeal, the trial court scheduled a hearing to calculate her custody credits. It awarded 799 actual credits and 798 conduct credits for a total of 1,597 custody credits.

DISCUSSION

I

*Failure to Conduct a Full Resentencing*

Martinez contends that the trial court failed to conduct a full resentencing when it only addressed the specific sentencing errors we identified in the opinion on remand. She further contends that the failure to conduct a full resentencing was not harmless because in failing to conduct a full resentencing the trial court did not orally pronounce sentences on nine counts, resulting in an unauthorized sentence. The People disagree that the trial court failed to conduct a full resentencing and contend that even if the trial court failed to do so, Martinez forfeited any claim by not objecting at the resentencing hearing. Martinez has the better argument.

When a defendant is convicted of an offense, a sentencing court has a duty to render judgment and impose the penalty authorized by law. (§ 12; *People v. Martinez* (2015) 240 Cal.App.4th 1006, 1012.) Judgment is rendered when the trial court orally pronounces sentence. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.) In rendering the judgment, the court must pronounce sentence on each count for which the

---

that was suspended, and victim restitution to EAN Holdings, LLC, in the amount of $4,665.16. The court stated that Martinez reserved the right to a restitution hearing on any additional requested amounts. The court also ordered Martinez to provide two blood specimens, a saliva sample, a right thumb print, and full palm prints.

defendant sustained a conviction. (*People v. Codinha* (2023) 92 Cal.App.5th 976, 994.) The failure to pronounce a sentence for each conviction results in an unauthorized sentence that can be corrected at any time. (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411, fn. 6.)

We remanded for a full resentencing. (*Martinez*, *supra*, C098137.) On remand, the trial court addressed only the errors we identified in our opinion. It (1) struck the Health and Safety Code section 11370.4 enhancements on counts 1 and 2 instead of staying them; (2) orally pronounced a sentence on count 18; and (3) addressed our concern that it miscalculated Martinez's aggregate sentence. Our remand order was not so limited. (*People v. Smith* (1985) 166 Cal.App.3d 1003, 1008, abrogated on another ground by *People v. Bullock* (1994) 26 Cal.App.4th 985.) It was for a full resentencing. (*Martinez*, *supra*, C098137.)

That the trial court did not conduct a full resentencing of Martinez is most evident from its failure to pronounce sentence on nine counts. Specifically, the trial court stated: "[W]e're just going to articulate for the record the sentence on those counts, which included time and consecutive time, I'm going to exclude counts that were declared to be 654 with concurrent time." There are two problems with the trial court's statement. First, its statement suggests a fundamental misunderstanding of the effect of our order vacating Martinez's sentence and remanding for a full sentencing, which was the nullification of the previous sentence. (*People v. Rouse* (2016) 245 Cal.App.4th 292, 297.) Because the prior sentence no longer existed, the court had to construct an entirely new sentence. (*Ibid.*) By failing to orally pronounce a sentence on the nine counts for which it stayed the sentences at the original sentencing, the court failed to render judgment on all of Martinez's convictions, resulting in an unauthorized sentence. (*People v. Price*, *supra*, 184 Cal.App.3d at p. 1411, fn. 6; *People v. Codinha*, *supra*, 92 Cal.App.5th at p. 994.)

Second, when the trial court stated it was excluding counts it had previously stayed under section 654, the trial court used the term concurrent in connection with section 654. But where section 654 applies, it precludes any multiple punishment, consecutive or concurrent. (*People v. Deloza* (1998) 18 Cal.4th 585, 594.) Thus, the trial court's statement leaves unclear whether it intended to stay punishment under section 654 for those nine counts or run punishment for them concurrent to the terms previously imposed.

Generally, when an unauthorized sentence is discovered on appeal, a reviewing court affirms the defendant's conviction and remands the case for the trial court to pronounce a sentence consistent with the verdict. (*People v. Taylor* (1971) 15 Cal.App.3d 349, 353.) We see no reason not to adopt that approach here. Because the trial court's failure to resentence Martinez on all counts resulted in an unauthorized sentence, we remand again for a full resentencing. (*People v. Smith*, *supra*, 166 Cal.App.3d at p. 1008.)

II

Our order for a full resentencing necessarily encompasses calculating Martinez's custody credits and the appropriate assessments, fines, and restitution awards. (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425.) We briefly address Martinez's claims to provide some additional guidance on remand.

*Custody Credits*

The parties agree that the trial court erred when it failed to award Martinez credit for all actual days in custody up to the date of her resentencing and when it calculated Martinez's conduct credits for the period after her original sentencing. We agree with the parties.

When it resentenced Martinez, the trial court was required to "credit [her] with all actual days [she] had spent in custody . . . up to that time," including time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37, italics

6

omitted; § 2900.1.)  The record shows the trial court did not do so.  The trial court also erred when it calculated Martinez's postsentence conduct credits.  (*Buckhalter*, at p. 31.)  After a defendant is sentenced, any conduct credits must be calculated by the agency with custody of the defendant, not the trial court.  (*Ibid*.)

On remand, the trial court is directed to calculate Martinez's credits for her actual days in custody from the day after her original sentencing to the date of resentencing, and to calculate Martinez's presentence conduct credits up to the date of her original sentencing.  (*People v. Buckhalter*, *supra*, 26 Cal.4th at pp. 31, 37.)

*Mandatory Restitution Fine and Victim Restitution Order*

The parties agree that the abstract of judgment conflicts with the trial court's oral pronouncement of judgment as to the $300 mandatory minimum restitution fine and the victim restitution order for $4,665.16 to EAN holdings, LLC, imposed in case No. 353.  They also agree that the second mandatory restitution fine should be stricken.  As to the victim restitution order, however, the People urge us to order a limited remand to allow the court to clarify the order.

A trial court is required to include all aspects of a judgment in its oral pronouncement.  (*People v. Leon* (2020) 8 Cal.5th 831, 855.)  That includes fines and direct victim restitution.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387; *People v. Rowland* (1997) 51 Cal.App.4th 1745, 1751.)  "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment."  (*Zackery*, at pp. 387-388.)

On remand, the trial court is directed to include in its oral pronouncement of judgment the mandatory restitution fine imposed in each case or state its reasons for not imposing a fine on the record.  (§ 1202.4, subd. (b); *People v. Zackery*, *supra*, 147 Cal.App.4th at p. 389.)  It must also include in its oral pronouncement the amount of the victim restitution award to EAN Holdings, LLC.  (*People v. Rowland*, *supra*, 51 Cal.App.4th at p. 1751; § 1202.4, subd. (a); Cal. Const. art. I, § 28, subd. (b).)

*Court Operations and Facilities Assessments*

The California Supreme Court recently issued its decision in *People v. Kopp* (2025) 19 Cal.5th 1. In *Kopp*, the court held that upon a defendant's request, the trial court must hold a hearing on the defendant's ability to pay before imposing ancillary costs, like the court operations assessment (§ 1465.8, subd. (a)(1)) and the court facilities assessment (Gov. Code, § 70373). (*Kopp*, at pp. 30-31.)

The court's decision applies to pending appeals. (See *People v. Guerra* (1984) 37 Cal.3d 385, 399.) At resentencing, if requested by Martinez, the trial court must assess her ability to pay before imposing the court operations assessment and the court facilities assessment. (*People v. Kopp, supra*, 19 Cal.5th at pp. 30-31.) As to the restitution fine, the trial court is required to assess Martinez's ability to pay only if, upon resentencing, it imposes a restitution fine in excess of the statutory minimum. (*Id.* at p. 30.)

## DISPOSITION

The convictions are affirmed. The sentence is vacated, and the matter is remanded for a full resentencing consistent with this opinion.

                            /s/
                            BOULWARE EURIE, J.

We concur:


      /s/
RENNER, Acting P. J.


      /s/
FEINBERG, J.