Filed 12/19/24  P. v. Ruiz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>JESUS RUIZ,<br><br>       Defendant and Appellant. | C099660, C100670<br><br>(Super. Ct. No. STK-CRF-DV-2020-0005117) |

Defendant Jesus Ruiz forced his way into his estranged wife's home and hit her on the head with a loaded gun until she fell to the floor.  As a result, a jury found defendant guilty of multiple criminal offenses, including burglary, and found true multiple enhancement allegations, and he was sentenced to a prison term.  In a prior appellate opinion, this court vacated the sentence and remanded for a full resentencing, otherwise

1

affirming the judgment. (*People v. Ruiz* (Jul. 26, 2022, C093744, C094498) [nonpub. opn.] (*Ruiz I*).)[1]

On remand, the trial court resentenced defendant to the midterm on the burglary count, but improperly imposed one-third the midterm (rather than the lower, middle, or upper term as required by Penal Code section 1170.1, subdivision (a)) on a great bodily injury (GBI) enhancement associated with the burglary count.[2] The trial court was later informed of that error, and it resentenced defendant yet again, this time to the upper term on the burglary count and the middle term on the GBI enhancement.

We consolidated defendant's appeals from the two post-remand resentencings. Defendant contends the trial court was prohibited from imposing the upper term on the burglary count in the most recent resentencing. As we will explain, we agree. We shall remand for resentencing.

## FACTS AND PROCEEDINGS

*Conviction and 2021 Sentencings*

A jury found defendant guilty of first degree burglary (§ 459), infliction of corporal injury on a spouse (§ 273.5, subd. (a)); discharging a firearm in a grossly negligent manner (§ 246.3, subd. (a)); being a felon in possession of a firearm (§ 29800, subd. (a)(1)); and willful cruelty to a child, a misdemeanor (§ 273a, subd. (b)).[3] With respect to the burglary and corporal injury on a spouse charges, the jury found true the enhancement allegations that defendant personally used a firearm (§ 12202.5, subd. (a)) and personally inflicted GBI in a domestic violence offense (§ 12022.7, subd. (e)). As to

---

[1] On the court's own motion, we take judicial notice of our prior unpublished opinion. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

[2] Further undesignated statutory references are to the Penal Code.

[3] The underlying facts are not relevant to the issues on appeal, so we omit them.

the burglary count, the jury also found true the allegation that a person other than defendant was present in the residence at the time of the commission of the burglary. (§ 667.5, subd. (c)(21).) (*Ruiz I*, *supra*, C093744, C094498.)

The trial court sentenced defendant to an aggregate term of 14 years in prison, including, as relevant here, the upper term of six years on the burglary count. Several months later, the court resentenced defendant to address multiple sentencing errors; it again sentenced him to the upper term of six years on the burglary count. Defendant filed two timely notices of appeal, and the appeals were consolidated. (*Ruiz I*, *supra*, C093744, C094498.)

*Prior Appellate Opinion*

On July 26, 2022, this court issued an opinion vacating the sentence. (*Ruiz I*, *supra*, C093744, C094498.) As relevant to the burglary count, we noted that the law had changed regarding the imposition of upper term sentences: "[W]hile this appeal was pending, Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b), providing that a trial court may impose an upper term sentence only where there are aggravating circumstances that justify the imposition of a term exceeding the middle term and the defendant has either stipulated to the facts underlying those circumstances or those facts have been found true beyond a reasonable doubt. (§ 1170, subd. (b)(1)-(2); Stats. 2021, ch. 731, § 1, effective Jan. 1, 2022.)" (*Ibid.*) We concluded the amendments to section 1170 applied retroactively to defendant's case as an ameliorative change to the law. (*Ruiz I*, C093744, C094498.) We remanded for a full resentencing, as the record was silent on the trial court's justification for imposing the upper term, observing that the court "imposed the upper term because it 'f[ound] the aggravating circumstances far outweigh the mitigation' after '[h]aving read and considered the probation report and . . . the facts at trial,' but it never detailed the specific aggravating circumstances it found." (*Ibid.*)

3

*October 2023 and March 2024 Resentencings*

On October 9, 2023, the trial court resentenced defendant to an aggregate term of nine years four months in prison, including the *middle term* of four years on the burglary count and consecutive terms of four years for the firearm enhancement and one year four months (one-third the midterm) for the GBI enhancement.

In December 2023, a correctional case records analyst from the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court informing it that "the Abstract of Judgment and/or Minute Order [of the sentencing hearing] may be in error, or incomplete."[4]  Specifically, the letter stated that the punishment for the GBI enhancement was three, four, or five years imprisonment, and noted the court had incorrectly calculated custody credits.

On March 11, 2024, the trial court resentenced defendant to an aggregate term of 14 years in prison.  The court imposed the *upper term* of six years on the burglary count, despite having selected the middle term at the most recent sentencing, and consecutive middle terms of four years for each of the firearm and GBI enhancements.  In support of its decision to impose the upper term on the burglary count, the court reasoned:  "I'm going to impose the upper term on [the burglary count] because of the egregious conduct and I think the aggravating factors far outweigh the mitigating factors.  [¶]  He broke into the home of people that he was suppose[d] to protect at gunpoint armed with a gun.  And so I think it is very egregious and there are no mitigating factors that I found true at the time."  The court did not change its calculation of custody credits.

---

[4] One way to bring an unauthorized sentence to the court's attention is through a CDCR letter by a correctional case records manager, alerting the court to a possible sentencing error, as was done in this case. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 375, 378.)

Defendant timely appealed from the October 2023 and March 2024 resentencings; the appeals were consolidated. The case was fully briefed in October 2024 and was assigned to the current panel at the end of that month.

## DISCUSSION

### I

*Imposition of the Upper Term*

Defendant contends the trial court erred when it increased the term on the burglary count from the middle to the upper term at the March 2024 resentencing. He argues that to the extent the court had jurisdiction to correct the unauthorized term it had previously imposed on the GBI enhancement, it was not permitted to resentence him on other portions of the sentence that were not unauthorized. We agree that the trial court improperly increased defendant's aggregate sentence by imposing the upper term on the burglary count, which was not an unauthorized portion of the sentence.

Under the general common law rule, a trial court is deprived of jurisdiction to resentence a criminal defendant after execution of sentence has begun. (*People v. Karaman* (1992) 4 Cal.4th 335, 344 (*Karaman*); see *id.* at p. 345 [execution of the judgment is in progress "at least upon the receipt of the abstract of the judgment by the sheriff"].) Additionally, " '[t]he filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur,' " and "divests the trial court of subject matter jurisdiction." (*People v. Nelms* (2008) 165 Cal.App.4th 1465, 1471.) " ' "The purpose of the rule depriving the trial court of jurisdiction in a case during a pending appeal is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided. The rule prevents the trial court from rendering an appeal futile by altering the appealed judgment . . . by conducting other proceedings that may affect it." ' " (*People v. Velasco* (2023) 97 Cal.App.5th 663, 669-670.) "As a result of this rule, the trial court lacks jurisdiction to make any order affecting a judgment, and any action taken by the trial court while the

5

appeal is pending is null and void." (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 923.)

There are exceptions to this general rule. As relevant here, a trial court may, while an appeal is pending, vacate a void judgment, correct an unauthorized sentence, or correct clerical errors in the judgment.[5] (*People v. Burhop* (2021) 65 Cal.App.5th 808, 814; *People v. Scarbrough*, *supra*, 240 Cal.App.4th at p. 923; *People v. Nelms*, *supra*, 165 Cal.App.4th at p. 1472; see *People v. Cunningham* (2001) 25 Cal.4th 926, 1044 ["Although, as a general rule, 'an appeal from an order in a criminal case removes the subject matter of that order from the jurisdiction of the trial court' [citation], it is settled that an unauthorized sentence is subject to correction despite the circumstance that an appeal is pending"].) A sentence is "unauthorized" if "it could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

Such an unauthorized sentence "is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement." (*People v. Serrato* (1973) 9 Cal.3d 753, 764, overruled on other grounds in *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; see *Karaman*, *supra*, 4 Cal.4th at p. 349, fn. 15 [recognizing *Serrato* exception].) The holding in *Serrato* "vindicates the People's right to imposition of a proper sentence." (*People v. Price* (1986) 184 Cal.App.3d 1405, 1409 (*Price*).) However, *Serrato* only authorizes an increase in penalty that has a "nexus to the original illegality in the sentence." (*Price*, at p. 1413; see *People v. Brown* (1987) 193 Cal.App.3d 957, 961

---

[5]  Another exception is found in section 1172.1, subdivision (a), which authorizes a trial court to recall resentence a defendant "within 120 days of the date of commitment . . . , provided the new sentence, if any, is no greater than the initial sentence." That provision does not authorize the trial court's decision to impose the upper term here because the term imposed was greater than the initial sentence.

[*Serrato* "set up a distinction between resentencing upon retrial necessitated by an error not involving the sentence and resentencing necessitated by the illegality of the original sentence, allowing imposition of a greater sentence only in the latter situation"]; *People v. Trammel* (2023) 97 Cal.App.5th 415, 435 [*Serrato* allows for a harsher sentence to be imposed at resentencing, but only to the extent necessary to correct unauthorized lenient sentence].)  Where the increase in the aggregate sentence has no nexus to the original illegality of the sentence, principles of double jeopardy prohibit a trial court from *increasing* a valid sentence after formal entry in the minutes.  (*Karaman*, *supra*, 4 Cal.4th at pp. 348-349, 350.)  In that case, "such alteration is forbidden, ' "not . . . upon the ground that the court has lost control of the judgment . . . , but upon the ground that to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment to the Constitution, which provides that no person shall 'be subject for the same offense to be twice put in jeopardy of life or limb.' " ' " (*Id.* at p. 349, quoting *People v. Thomas* (1959) 52 Cal.2d 521, 531.)

In October 2023, the trial court resentenced defendant to a term of one year four months (one-third the midterm) for the GBI enhancement, rather than the three, four, or five year sentence required by statute.  (See § 1170.1, subd. (a).)  Because that sentence could not lawfully have been imposed under any circumstance, it was an unauthorized sentence that the court had jurisdiction to correct in March 2024, despite the pendency of the appeal.  (See *People v. Scott*, *supra*, 9 Cal.4th at p. 354 [sentence is " 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case"].)  Consistent with *Serrato*, the court was entitled to increase the aggregate sentence in order to correct that unlawfully lenient sentence.

However, the *Serrato* exception did not authorize the trial court to increase the aggregate sentence by increasing the sentence for the burglary count from the midterm to the upper term.  That portion of the sentence was not unauthorized, and therefore the increase in the aggregate sentence from the October 2023 resentencing that was due to

7

the imposition of the upper term had no "nexus to the original illegality in the sentence." (*Price*, *supra*, 184 Cal.App.3d at p. 1413.)  Accordingly, the imposition of the more severe sentence for the burglary count in March 2024 constituted unconstitutional double punishment for the same offense.  (*Karaman*, *supra*, 4 Cal.4th at p. 349.)

The Attorney General argues that, in correcting the unauthorized sentence, the trial court had jurisdiction to both correct the unauthorized portion *and* reconsider all components of the sentence.  We agree that the trial court was free to reconsider all its discretionary sentencing choices when resentencing defendant.  (See *People v. Hill* (1986) 185 Cal.App.3d 831, 834.)  But as we have discussed, the power to reconsider discretionary sentencing choices did not include the power to increase the aggregate sentence beyond that required to correct the unauthorized sentence.  (See *People v. Trammel*, *supra*, 97 Cal.App.5th at p. 435 [although the trial court was entitled to reconsider all components of the sentence, "under no circumstances should the aggregate sentence be more than the sum of the original sentence and the mandatory increase required due to *Serrato* errors"].)

We will remand the matter for resentencing.[6]  Upon resentencing, the court is directed to impose an authorized sentence on the GBI enhancement.  The court is free to reconsider all its discretionary choices, provided those choices do not increase the aggregate sentence imposed in October 2023.  (*People v. Hill*, *supra*, 185 Cal.App.3d at p. 834 ["When a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme" and "may reconsider all sentencing choices"]; *Price*, *supra*, 184 Cal.App.3d at p. 1413 ["If an increase in penalty has no

---

[6] We note this matter has been remanded multiple times for resentencing.  On remand, the trial court and parties should prepare thoroughly and follow the applicable law, taking care to ensure that all components of the sentence, including credits, are correctly calculated and imposed.

nexus to the original illegality in the sentence," the "general rule applies that in California a harsher penalty may not be imposed after a successful appeal"].)

## DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for a full resentencing hearing.  Following resentencing, the trial court shall prepare an amended abstract of judgment and forward a certified copy thereof to the Department of Corrections and Rehabilitation.


　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　Duarte, J.



We concur:



　　　/s/
Hull, Acting P. J.



　　　/s/
Wiseman, J.*

_____

*  Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.