Filed 3/5/26  P. v. Bivens CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JERRY LEE BIVENS,<br><br>    Defendant and Appellant. | F089991<br><br>(Super. Ct. No. F17900679)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Caely E. Fallini, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

Appellant Jerry Lee Bivens was convicted by jury of attempted premeditated murder (Pen. Code,[1] §§ 664, 187, subd. (a); count 1), two counts of assault with a firearm (§ 245, subd. (a)(2); counts 4, 5), shooting at an occupied motor vehicle (§ 246; count 3), and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6). In addition, the jury found true enhancement allegations for personal use of a firearm (§§ 12022.5, subd. (a), 12022.53, subd. (d))[2] and infliction of great bodily injury (§ 12022.7, subd. (a)). Bivens admitted he had suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and served four prior prison terms (§ 667.5, subd. (b)). He was sentenced to an aggregate prison term of 25 years to life with the possibility of parole, plus 23 years.

On April 27, 2022, this court reversed Bivens's sentence on direct appeal and remanded the matter back to the trial court for a resentencing hearing. (See *People v. Bivens* (Apr. 27, 2022, F079200) [nonpub. opn.] (*Bivens I*).)

On March 14, 2025, the trial court resentenced Bivens to life with the possibility of parole with a minimum parole ineligibility term of 14 years, an indeterminate term of 25 years to life, and a determinate term of seven years.

Bivens appeals again, raising several claims. First, the trial court's imposition of a section 12022.53, subdivision (d) firearm use enhancement on count 1 in lieu of the section 12022.53, subdivision (b) enhancement originally imposed violates the double jeopardy clause (Cal. Const., art. 1, § 15). Second, the court erred in declining to strike any of the firearm use enhancements, finding that dismissal of the enhancements would endanger public safety. (See § 1385, subd. (c)(2).) Third, the trial court did not exercise

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The verdict form did not specifically refer to section 12022.53, subdivision (d), and the trial court imposed the lesser firearm use enhancement under section 12022.53, subdivision (b) on count 1 during Bivens's original sentencing.

informed discretion in determining whether to stay count 1 or 3 pursuant to section 654. The trial court concluded that subdivision (f) of section 12022.53, which necessitates imposition of the enhancement with the longest term when more than one enhancement is found true, controls over Assembly Bill No. 518 (2021–2022 Reg. Sess.), which amended section 654, subdivision (a) to afford the court discretion to impose either the longer or shorter term (Stats. 2021, ch. 441, § 1). Fourth, the judgment must be corrected so that Bivens receives credit for all time served in custody, beginning with his initial confinement and including the date of his resentencing hearing. Fifth, the trial court erred in awarding Bivens additional presentence conduct credits.

The Attorney General concedes that imposition of the firearm use enhancement under section 12022.53, subdivision (d) on count 1 was improper. He further contends that because a full resentencing hearing is required, the remainder of Bivens's assertions are moot. We agree. We will therefore remand the matter back to the trial court for a new sentencing hearing.

## FACTUAL AND PROCEDURAL HISTORY

On July 21, 2017, the District Attorney of Fresno County filed an information charging Bivens with the premeditated attempted murder of Matthew Parker (§§ 664, 187, subd. (a); count 1), the premeditated attempted murder of Whitney Cole (§§ 664, 187, subd. (a); count 2), shooting at an occupied motor vehicle (§ 246; count 3), assault with a firearm on Parker (§ 245, subd. (a)(2); count 4), assault with a firearm on Cole (§ 245, subd. (a)(2); count 5); and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 6). The information further alleged that Bivens personally inflicted great bodily injury (§ 12022.7, subd. (a)) as to counts 1, 3, and 4; personally and intentionally discharged a firearm which proximately caused great bodily injury (§ 12022.53, subd. (d)) as to counts 1, 2, and 3; and personally used a firearm (§ 12022.5, subd. (a)) as to counts 1, 2, 4, and 5. It was further alleged that Bivens had a prior strike

3.

conviction (§§ 667, subds. (b)–(i), 1170.12, subd. (a)) and served prior prison terms (§ 667.5, subd. (b)).

On October 23, 2017, a jury found Bivens guilty on counts 1, 3, 4, 5, and 6 and found the allegations true as to those counts. He was acquitted on count 2. Bivens admitted having a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subd. (a)) and serving four prior prison terms (§ 667.5, subd. (b)).

On April 24, 2019, the trial court sentenced Bivens to a total indeterminate term of 25 years to life with the possibility of parole, plus a determinate term of 23 years.

On April 27, 2022, this court reversed Bivens's sentence on direct appeal. (See *Bivens I, supra*, F079200.)

On June 13, 2025, the trial court resentenced Bivens to life with the possibility of parole with a minimum parole ineligibility term of 14 years, an indeterminate term of 25 years to life, and a determinate term of 7 years. As to count 1, Bivens was sentenced to a term of life with the possibility of parole with a minimum parole eligibility term of 14 years, plus a consecutive term of 25 years to life (§ 12022.53, subd. (d)). The court stayed the remaining enhancements (§§ 12022.7, subd. (a), 12022.5, subd. (a)) and struck the prior prison term enhancements (§ 667.5, subd. (b)). As to count 3, the court stayed the 10-year term and the attached enhancements (§§ 12022.7, subd. (a), 12022.53, subd. (d)). On count 4, the court stayed a six-year term and the terms on the attached enhancements (§§ 12022.7, subd. (a), 12022.5, subd. (a)). With respect to count 5, the court imposed a consecutive four-year term, plus a term of three years on the attached enhancement (§ 12022.5, subd. (a)). Finally, on count 6, the court imposed and stayed a four-year term.

A timely notice of appeal followed.

*The Underlying Conviction*

The following statement of facts is derived from this court's nonpublished opinion:

> "On January 24, 2017, at approximately 3:00 p.m., Monica O., and her sister Mindy O., drove Monica's father's Toyota Avalon to a liquor store to pick up their sister, Alina M., who had requested a ride. When Monica and Mindy arrived at the liquor store, Alina was not there. Mindy was unable to contact her.
>
> "After sitting in the parking lot for several minutes, Bivens, Alina's boyfriend, unexpectedly hopped into the backseat of the vehicle. Bivens was wearing a black hoodie and pants, and Monica could see the handle of a gun sticking out of his waistband. Monica had only met Bivens three or four times.
>
> "Bivens directed Monica and Mindy to the Travel Inn motel across the street to look for Alina. Unable to find her there, Bivens directed the women to a second motel approximately two minutes away, the Sierra Inn. When they arrived, Monica observed a blue or black Chevy Tahoe in the parking lot.
>
> "Alina was coming down the stairs of the motel when Bivens suddenly exited the rear driver's side of the vehicle. Within seconds, Monica and Mindy heard three or four gunshots. Monica also heard glass shatter.
>
> "As Mindy was backing out, the Tahoe struck the left side of the Avalon. Monica and Mindy exited the vehicle and ran. Alina got into the Avalon and drove it to the Travel Inn motel.
>
> "Matthew Parker was the driver of the Tahoe. He did not know Bivens. On the day of the incident, he met his friend, Whitney Cole, in the parking lot of the Sierra Inn motel. Parker was driving a blue Tahoe SUV. Cole got into the Tahoe and the two began talking.
>
> "Suddenly, Parker heard three or four gunshots coming from the passenger side of the vehicle. He also heard glass shatter. Parker claimed that he did not see anyone shooting at the vehicle.
>
> "Parker drove away, hitting the Avalon, which was blocking his exit. Cole said, 'You been hit,' and Parker looked down to see that he was

bleeding. Parker drove to the hospital. He had suffered two gunshot wounds to his abdomen.

"Fresno Police Officer Ricardo Gonzalez questioned Parker at the hospital. According to Gonzalez, Parker was evasive. He also related several different versions of the events preceding the shooting.

"Parker did not testify at Bivens's trial. He told an investigator for the district attorney's office that he did not want to be involved with the case. At trial, Parker's sworn testimony from Bivens's preliminary hearing was read to the jury as Parker could not be located.

"Fresno Police Officer Dirk Reed attempted to speak with Cole at the hospital. She was 'not really' cooperative, and she could not be located at the time of Bivens's trial.

"A crime scene technician took photographs of the Tahoe while it was parked at the hospital. A bullet fragment was found below the passenger's side window frame, the passenger's side window had been shattered, a bullet hole was lodged in the driver's side door, and the front end had sustained 'fresh damage' all the way from the passenger's side door to the driver's side door.

"Surveillance video from the motel depicted the shooting. Fresno Police Detective Justin Bell reviewed the video on January 26, 2017. He observed the suspect touch the blue Tahoe with his left hand after the Tahoe struck the Avalon, and while the Tahoe was moving toward the exit of the motel parking lot.

"Bell contacted the crime scene investigation bureau to have the area where the suspect touched the Tahoe processed for latent fingerprints. Two fingerprints were recovered, one of which matched Bivens's fingerprint.

"Four or five days after the incident, during police questioning, Monica identified 'JB' as the man who was in her backseat just prior to the shooting. She explained that JB was her sister's boyfriend. At trial, Monica identified Bivens as the man who had directed her and Mindy to drive to the Sierra Inn motel to search for Alina.

"On February 1, 2017, Bivens was taken into custody." (*Bivens I, supra*, F079200, at pp. 3–5.)

6.

***Bivens's First Appeal***

In *Bivens I*, this court concluded that "resentencing is required because portions of the [original] sentence imposed are unauthorized." (*Bivens I, supra*, F079200, at p. 2.) We specifically identified the following errors: First, the trial court failed to double the indeterminate term on count 1 based on Bivens's prior strike conviction. Second, the trial court did not address the enhancements applied to counts 3 and 4. Finally, we observed that Senate Bill No. 136 (2019–2020 Reg. Sess.), which became effective during the pendency of Bivens's appeal, required the trial court to strike the one-year prior prison term enhancements applied to his sentence.[3]

This court also addressed the section 12022.53, subdivision (b) firearm use enhancement imposed on count 1. We observed that the way the enhancement was imposed was problematic but concluded that imposition of the enhancement was not unauthorized, explaining, "the information alleged that Bivens 'personally and intentionally discharged a firearm which proximately caused great bodily injury or death to Matthew Parker within the meaning of Penal Code section 12022.53[, subd. ](d).' " (*Bivens I, supra*, F079200, at p. 25.) This charging language referred to facts necessary to prove enhancements under subdivisions (b) and (c) of section 12022.53, and " 'the jury's findings established that these same facts were proven true.' " (*Bivens I*, at p. 25, quoting *People v. Tirado* (2022) 12 Cal.5th 688, 700.) "Thus, the trial court's imposition of a 10-year enhancement under section 12022.53, subdivision (b), instead of the 25-year enhancement under subdivision (d), *was not unauthorized*. However, the trial court erred by failing to first strike the greater enhancement and then impose the lesser enhancement." (*Ibid.*, italics added.)

---

[3] The prior prison term enhancements were not originally imposed, but the subsequent enactment of Senate Bill No. 136 (2019–2020 Reg. Sess.) during the pendency of Bivens's appeal rendered this issue moot.

***Proceedings on Remand***

On June 13, 2025, the trial court issued a written order explaining its resentencing decision. The court stated this court's opinion in *Bivens I* "takes resentencing outside what is often referred to as the *Henderson*[4] rule" relying upon the following language in the remittitur: " 'We conclude that portions of [Bivens's] sentence were unauthorized, and that remand for resentencing is required.' "

The court remarked that the sentence originally imposed was "unlawfully lenient" considering the court's failure to previously impose the gun use enhancement under section 12022.53, subdivision (d), attached to count 3. The court concluded that Bivens's sentence was unauthorized and had to be corrected, "even if it results in a more severe sentence."

The court declined to reimpose the lesser firearm use enhancement under section 12022.53, subdivision (b) on count 1. Instead, it imposed the greater enhancement under section 12022.53, subdivision (d). This resulted in a more severe sentence on this count.

The court explained that its sentencing decision was based on sentencing constraints associated with the firearm enhancements on counts 1 and 3. Two section 12022.53 enhancements applied to Bivens's sentence, one on count 1 and another on count 3. Because subdivision (d) is the only enhancement under section 12022.53 that could lawfully attach to Bivens's conviction on count 3—a violation of section 246—the enhancement applied to count 3 could not lawfully be reduced, only stricken. (See § 12022.53, subd. (d).)

Further, section 12022.53, subdivision (f) provides: " 'If more than one enhancement per person is found true under this section, the court shall impose upon that

---

[4]    *People v. Henderson* (1963) 60 Cal.2d 482 (*Henderson*). The *Henderson* rule precludes the imposition of more severe punishment on resentencing. (See *id.* at pp. 495–497.)

person the enhancement that provides the longest term of imprisonment." The court explained that if it were to impose the enhancement under subdivision (b) of section 12022.53 on count 1 and the enhancement under subdivision (d) of section 12022.53 on count 3, subdivision (f) of section 12022.53 would require the court to stay the enhancement on count 1.

The court acknowledged it had discretion to strike the section 12022.53, subdivision (d) enhancement but declined to exercise that discretion, explaining that "Bivens'[s] actions were deliberate and premeditated. It is only sheer luck that differentiates the case from a murder case." For those same reasons, the court declined to impose a lesser enhancement under section 12022.5 on count 1 or count 3.

## DISCUSSION

### I. The Trial Court Erred by Imposing the Firearm Enhancement under Subdivision (d) of Section 12022.53 on Count 1

The parties concede that the trial court erred by imposing a greater enhancement on the firearm enhancement attached to count 1, rather than the lesser enhancement originally imposed. We agree as well.

### A. The *Henderson* Rule and the *Serrato*[5] Exception

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893, quoting *People v. Navarro* (2007) 40 Cal.4th 668, 681; see also *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1259 ["upon remand for resentencing …, the trial court has jurisdiction to modify every aspect of the defendant's sentence"].) The trial court may reconsider all its prior discretionary sentencing decisions. (See *People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425 ["the full resentencing rule allows a

---

**5** *People v. Serrato* (1973) 9 Cal.3d 753, 764 (*Serrato*).

court to revisit all prior sentencing decisions when resentencing a defendant"].)  The *Henderson* rule however imposes a limitation on the court's sentencing discretion.

Under the *Henderson* rule, "[w]hen a defendant successfully appeals a criminal conviction, California's constitutional prohibition against double jeopardy precludes the imposition of more severe punishment on resentencing."  (*People v. Hanson* (2000) 23 Cal.4th 355, 357; accord, *People v. Vizcarra* (2015) 236 Cal.App.4th 422, 431.)

In *Serrato*, our Supreme Court established an exception to the *Henderson* rule. The *Serrato* court concluded that "when a trial court pronounces an unauthorized sentence," "[s]uch a sentence is subject to being set aside judicially and is no bar to the imposition of a proper judgment thereafter, even though it is more severe than the original unauthorized pronouncement."  (*Serrato, supra*, 9 Cal.3d at p. 764.)  "The *Serrato* rule protects the People's right to mandated, lawful sentences.  The limitations of the rule 'rebut' any appearance of vindictiveness.  If an increase in penalty has no nexus to the original illegality in the sentence, the protection against vindictiveness is not applicable.  The general rule applies that in California a harsher penalty may not be imposed after a successful appeal."  (*People v. Price* (1986) 184 Cal.App.3d 1405, 1413 (*Price*); accord, *People v. Karaman* (1992) 4 Cal.4th 335, 348–350.)

*Price* is instructive.  There, the defendant was sentenced to the midterms on two counts of robbery, to be served concurrently.  Those counts were neither challenged nor identified as unauthorized on appeal.  (*Price, supra*, 184 Cal.App.3d at p. 1413.)

On remand from an unrelated sentencing error, the trial court imposed the upper term on one count of robbery and ran the sentence on the second count consecutively. (*Price, supra*, 184 Cal.App.3d at p. 1413.)  The appellate court concluded that this modification of the sentence was problematic, explaining, "These three additional years (the difference between the three-year midterm to a five-year upper term (two years) and the addition of one-third of the midterm (one year)) were not corrections of 'illegalities'

10.

in the original sentence. 'Illegalities' requiring resentencing permit the imposition of a harsher punishment. Those portions of the sentence were unaffected by 'illegality' and cannot be increased in punishment." (*Ibid.*) The court reduced the defendant's sentence in conformity with the sentence originally imposed on the robbery counts. (*Ibid.*)

### B.      The *Serrato* Exception Does Not Apply Here

As the parties recognize, we explicitly held in *Bivens I* that imposition of the firearm enhancement under subdivision (b) of section 12022.53 on count 1 was not unauthorized. An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case," regardless of the facts. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Our criticism of the firearm enhancement was limited to the manner in which it was imposed rather than the fact of its imposition. (See *Bivens I, supra*, F079200, at pp. 24–25.) Because the challenged enhancement "ha[d] no nexus to the original illegality in the sentence," we conclude that the trial court erred by imposing the greater enhancement under section 12022.53, subdivision (d) on this count, in lieu of the lesser enhancement under section 12022.53, subdivision (b) that it had originally imposed.

We will therefore remand the matter back to the trial court for a full resentencing hearing. While the trial court may reconsider all discretionary sentencing choices (*People v. Hill* (1986) 185 Cal.App.3d 831, 834), "under no circumstances should the aggregate sentence be more than the sum of the original sentence and the mandatory increase required due to the *Serrato* errors" (*People v. Trammel* (2023) 97 Cal.App.5th 415, 435).

## II.      Bivens's Remaining Contentions are Moot

Bivens raises the following additional issues on appeal: (1) The trial court erred in declining to strike any of the firearm use enhancements, finding that dismissal of the enhancements would endanger public safety (see § 1385, subd. (c)(2)); (2) The trial court

11.

did not exercise informed discretion in determining whether to stay count 1 or 3 pursuant to section 654; (3) The judgment must be corrected so that Bivens receives credit for all time served in custody, up to and including the date of his resentencing hearing; and (4) The trial court erred in awarding Bivens additional presentence conduct credits.

We agree with the Attorney General's assertions that Bivens's remaining arguments are moot in light of the fact that a full resentencing is required. We therefore need not and do not address Bivens's remaining claims.

## DISPOSITION

Bivens's sentence is vacated, and the matter is remanded back to the trial court for a full resentencing. In all other respects, the judgment of conviction is affirmed.

HILL, P. J.

WE CONCUR:

FRANSON, J.

DESANTOS, J.